**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| **PAMELA G. DUNLAP, individually, and on behalf of all others similarly situated,** | |
| **Plaintiff,** | **Case No.** |
| **v.** | **JURY TRIAL DEMANDED** |
| **IOC-CARUTHERSVILLE, LLC D/B/A LADY LUCK CASINO CARUTHERSVILLE,** | |
| **Defendant.** | |

## CLASS AND COLLECTIVE ACTION COMPLAINT

Pamela G. Dunlap ("Plaintiff"), individually, and on behalf of all others similarly situated, brings this Class and Collective Action Complaint against Defendant IOC-Caruthersville, LLC d/b/a Lady Luck Casino Caruthersville ("Defendant"), and hereby states and alleges as follows:

## INTRODUCTION

1.      Plaintiff and all other similarly situated employees work or worked for Defendant, a casino located in Caruthersville, Missouri.

2.      Pursuant to its company-wide policies and procedures, Defendant failed to pay Plaintiff, and other similarly situated employees, the mandated federal and/or state minimum wage rate for all hours worked and overtime for all hours worked over 40 in a single workweek.

3.      In particular, Defendant's time-clock rounding policy, procedure, and practice is used in such a manner that it results, over a period of time, in the failure to compensate its employees properly for all time worked, including overtime hours.  In addition, Defendant failed to properly inform its tipped employees of the required tip credit provisions.  Defendant also made improper deductions from its employees' paychecks for gaming license fees and other deductions

which reduced its employees' compensation below the required minimum wage and, in some situations, overtime rate under state and federal law for all hours worked.

4.      Defendant's systemic violations of federal and state wage laws were willful.

5.      Plaintiff, individually and on behalf of all others similarly situated, brings this lawsuit as: (a) a collective action under the Fair Labor Standards Act, ("FLSA"), 29 U.S.C. § 201, *et seq*., to recover unpaid minimum and overtime wages owed to Plaintiff and all other similarly situated workers employed by Defendant; and (b) a Rule 23 class action under Missouri state law, including the Missouri Minimum Wage Law ("MMWL"), R.S.Mo. § 290.500, *et seq*.

## JURISDICTION AND VENUE

6.      The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions.  Federal question jurisdiction over the FLSA claims of Plaintiff and all others similarly situated is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

7.      Missouri law authorizes court actions by private parties to recover damages for violation of the MMWL's wage and hour provisions.  Supplemental jurisdiction over the state law claims of Plaintiff and all others similarly situated is based on 28 U.S.C. § 1367 and R.S.Mo. § 290.527, in that the state law claims are so related to the FLSA claims that they form part of the same case or controversy.

8.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims set forth herein occurred in this judicial district.

## PARTIES

2

9.      Plaintiff is a resident of the State of Missouri.  From approximately September 1999 through October 2017, Plaintiff was employed by Defendant at the casino property located at 777 E. 3rd Street, Caruthersville, Missouri 63830.  During her employment, Plaintiff worked as a Table Games Dealer, an hourly, non-exempt position.  Plaintiff's Consent to Be a Party Plaintiff pursuant to 29 U.S.C. § 216(b) is attached as Exhibit 1.

10.     Defendant is a limited liability company organized under the laws of the State of Missouri.  Defendant is registered to do business and does conduct business in the State of Missouri.

11.     At all relevant times, Defendant is or has been an enterprise engaged in commerce or in the production of goods or services for commerce within the meaning of 29 U.S.C. § 203(s)(1), and, upon information and belief, has had an annual gross volume of sales made or business done of not less than $500,000.

12.     At all relevant times, Defendant was the employer of Plaintiff, and all other similarly situated employees.

13.     At all times relevant to this action, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

14.     Plaintiff and all similarly situated employees are non-exempt, hourly employees who work or worked for Defendant within the respective limitations periods.

### NATURE OF THE CLAIMS

### Unlawful Rounding Violations

15.     Plaintiff re-alleges the allegations set forth above.

16.    Defendant utilizes a computerized system which tracks the exact time (by the minute) an hourly employee clocks in and clocks out of work.

17.    Even though Defendant maintains a system which records, to the minute, the time an employee clocks in and clocks out, Defendant utilizes a rounding system in computing payroll which rounds to the closest 15-minute interval.

18.    For example, an employee who clocks in between 7:53 a.m. and 8:07 a.m. will be treated by Defendant's payroll computations as having clocked in at 8:00 a.m.

19.    Defendant utilizes the same rounding system for clock outs.

20.    For example, an employee who clocks out between 5:08 p.m. and 5:22 p.m. will be treated by Defendant's payroll computations as having clocked out at 5:15 p.m.

21.    Viewed in a vacuum, the rounding system utilized by Defendant appears to neither favor Defendant nor its employees as Defendant utilizes the same rounding system when an employee clocks in or out.

22.    However, Defendant utilizes an attendance and/or disciplinary policy to alter the seemingly neutral rounding system in a manner which transforms Defendant's rounding system into a system that is substantially rigged in Defendant's favor.

23.    Pursuant to Defendant's policies, Plaintiff and all similarly situated employees are required to clock in and commence work approximately 7 minutes before the start of their shift.

24.    Pursuant to Defendant's policies, Plaintiff and all similarly situated employees are subject to discipline if they clock in after the start of their shift.

25.    Pursuant to Defendant's policies, Plaintiff and all similarly situated employees may only clock out when authorized by their supervisor.

26.     As a result of Defendant's policies, Plaintiff and all similarly situated employees typically clock in and begin working 7 minutes prior to the start of their shift.

27.     As a result of Defendant's policies, Plaintiff and all similarly situated employees do not typically clock in after the start of their shift, because if they do, they are subject to discipline.

28.     Per Defendant's rounding system, none of the pre-shift work (up to 7 minutes per day) is paid as Defendant rounds this time to the next 15-minute interval, the employees' official start time.

29.     Accordingly, at the start of an employee's shift, Defendant's rounding system is rigged in favor of Defendant because Defendant utilizes its attendance and/or disciplinary policies to ensure that, most of the time, the rounding which occurs at the start of the shift decreases the amount of compensable time Defendant pays its employees.

30.     Moreover, Plaintiff and all similarly situated employees, at the end of the day, are required to clock out no more than 7 minutes after the end of their shift.

31.     Plaintiff and all similarly situated employees do not typically leave work early; instead, they routinely leave work and clock out between the end of their shift and 7 minutes thereafter.  This makes sense because it is solely Defendant's decision as to when Plaintiff and all similarly situated employees are permitted to leave their work stations.  Because of this, Plaintiff and all similarly situated employees are unable to take advantage of the rounding system because they cannot decide to leave prior to the conclusion of their shift.

32.     Accordingly, at the end of an employee's shift, Defendant's rounding system is rigged in favor of Defendant because the rounding which occurs at the end of their shift decreases the amount of compensable time Defendant pays its employees.

33.    In sum, Defendant's time-clock rounding policy, procedure, and practice is used in such a manner that it results, over a period of time, in the failure to compensate its employees properly for all the time they have actually worked, including overtime wages.

34.    Defendant has no good faith basis to use such a rigged rounding system as its time clocks record the actual clock in and clock out times to at least a one-minute accuracy.  Defendant has complete knowledge of all hours worked by Plaintiff and all similarly situated employees.

35.    Defendant's failure to pay this unpaid time has resulted in Plaintiff and all similarly situated employees being regularly denied proper compensation under the FLSA, the MMWL, and Missouri common law.

36.    Plaintiff and all similarly situated employees, in conformance with Defendant's clock-in and clock-out policies, and attendance and/or disciplinary policies, regularly clocked in and commenced work several minutes before the start of their shifts.

37.    Throughout Plaintiff's employment as a Table Games Dealer, she was paid a sub-minimum base wage for every hour worked.  Thus, during each workweek in which Defendant did not pay her for all hours worked due to its time-clock rounding policy, Plaintiff's regular rate of pay fell below the requisite federal minimum wage ($7.25/hour) and the requisite Missouri state minimum wage.  Because the amount Plaintiff was paid during each of those workweeks divided by the number of hours she actually worked resulted in an amount less than the statutory requirement, Defendant violated the minimum wage requirements.

38.    During those workweeks and others, Defendant's time-clock rounding policy caused Plaintiff and all similarly situated employees' wages to fall below the requisite minimum wage and/or caused them to incur overtime for which they were not compensated (for all hours worked over 40 in a single workweek).

## Entitlement to the Tip Credit – Failure to Give Notice

39.     An employer may, in certain circumstances, take a "tip credit" toward its minimum wage obligations for tipped employees.  Pursuant to the explicit language of the FLSA, a tip credit may not be taken "with respect to any tipped employee unless such employee has been informed by the employer of the provisions of [29 U.S.C. § 203(m)], and all tips received by such employee have been retained by the employee, except that this subsection shall not be construed to prohibit the pooling of tips among employees who customarily and regularly receive tips."  29 U.S.C. § 203(m)(2).

40.     The federal regulations expand on the language of the FLSA by explaining as follows:

> [A]n employer is not eligible to take the tip credit unless it has informed its tipped employees in advance of the employer's use of the tip credit of the provisions of section 3(m) of the Act, i.e.: [1] The amount of the cash wage that is to be paid to the tipped employee by the employer; [2] the additional amount by which the wages of the tipped employee are increased on account of the tip credit claimed by the employer, which amount may not exceed the value of the tips actually received by the employee; [3] that all tips received by the tipped employee must be retained by the employee except for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips; and [4] that the tip credit shall not apply to any employee who has not been informed of these requirements in this section.

29 C.F.R. § 531.59(b).

41.     Defendant employs Plaintiff and other similarly situated tipped employees by paying a sub-minimum direct hourly wage but failed to properly notify them of the tip credit requirements of the FLSA.

42.     Specifically, Plaintiff and other similarly situated tipped employees are not informed, in advance of Defendant's use of the tip credit, of: (1) the additional amount by which the wages of the tipped employee are increased on account of the tip credit claimed by Defendant, which amount may not exceed the value of the tips actually received the employee; (2) that all tips

7

received by the tipped employee must be retained by the employee except for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips; and (3) that the tip credit shall not apply to any employee who has not been informed of these requirements in this section.

43.     As Defendant has failed to properly inform Plaintiff and other similarly situated tipped employees of the required tip credit provisions, Defendant has willfully violated state and/or federal law by failing and refusing to pay all minimum wages due and owing.

### Improper Payroll Deductions from Employees' Paychecks

44.     "The FLSA does not allow uniforms, or other items which are considered to be primarily for the benefit or convenience of the employer, to be included as wages. Thus, an employer may not take credit for such items in meeting his/her obligations toward paying the minimum wage or overtime."  U.S. Department of Labor, Wage and Hour Division, Fact Sheet #16, Deductions from Wages for Uniforms and Other Facilities Under the FLSA, https://www.dol.gov/whd/regs/compliance/whdfs16.pdf (last visited April 5, 2019).

45.     "Where deductions … reduce the employee's wages below the minimum wage, such deductions are illegal.  When an employer claims an FLSA 3(m) tip credit, the tipped employee is considered to have been paid only the minimum wage for all non-overtime hours worked in a tipped occupation and the employer may not take deductions …, because any such deduction would reduce the tipped employee's wages below the minimum wage."  U.S. Department of Labor, Wage and Hour Division, Fact Sheet #15: Tipped Employees Under the Fair Labor Standards Act (FLSA), https://www.dol.gov/whd/regs/compliance/whdfs15.pdf (last visited April 5, 2019).

46.     Before an employee can work at Defendant's casino gaming operations, they must obtain an appropriate gaming license from the required state agency or commission.  The state agency or commission charges a fee for the initial gaming license, and a renewal fee.

47.     The gaming licenses are necessary for Defendant to generate revenue from its casino property.  The casino property cannot operate without employees, and the employees must have gaming licenses in order to work at the casinos.  As a result, these gaming license fees are primarily for the benefit of Defendant.

48.     Defendant makes deductions from the wages of Plaintiff and all other similarly situated employees, to cover such costs for their gaming licenses required by the state gaming commission.  Defendant also makes deductions from the wages of Plaintiff and all other similarly situated employees for temporary gaming licenses issued to employees (for instance, when employees forget to bring their gaming license badge to work, or lose their gaming license badge).  Defendant's deductions for such gaming licenses reduce Plaintiff's and all other similarly situated employees' wages below the minimum wage.

49.     Throughout Plaintiff's employment as a Table Games Dealer, she was paid a sub-minimum base wage for every hour worked.  Thus, during each workweek in which Defendant made a deduction to her wages to cover such costs for her gaming license required by the state gaming commission, Plaintiff's regular rate of pay fell below the requisite federal minimum wage ($7.25/hour) and the requisite Missouri state minimum wage.  Because the amount Plaintiff was paid during each of those workweeks divided by the number of hours she actually worked resulted in an amount less than the statutory requirement, Defendant violated the minimum wage requirements.

50.    Because such deductions reduce Plaintiff's and all other similarly situated employees' wages below the required minimum wage, Defendant's actions are a violation of both state and federal laws.

## COLLECTIVE AND CLASS ACTION ALLEGATIONS

51.    Plaintiff re-alleges the allegations set forth above.

52.    Plaintiff brings Count I, the FLSA claim arising out of Defendant's unlawful time-clock rounding policy, as an "opt in" collective action pursuant to 29 U.S.C. § 216(b) on behalf of herself and the following collective action class:

      a.    **FLSA Time-Clock Rounding Collective:** All persons currently and formerly employed by Defendant in hourly positions who worked at any time from three (3) years prior to the filing of the initial Class and Collective Action Complaint to the present.

53.    Plaintiff brings Count II, the FLSA claim arising out of Defendant's tip credit notification policy, as an "opt in" collective action pursuant to 29 U.S.C. § 216(b) on behalf of herself and the following collective action class:

      a.    **FLSA Unlawful Tip Credit Collective:** All persons currently and formerly employed by Defendant in hourly positions paid a direct hourly wage that is below the applicable federal minimum wage rates who worked at any time from three (3) years prior to the filing of the initial Class and Collective Action Complaint to the present.

54.    Plaintiff brings Count III, the FLSA claim arising out of Defendant's gaming license deduction policy, as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) on behalf of themselves individually and the following collective action class:

a.  **FLSA Gaming License Deduction Policy Collective:** All persons currently or formerly employed by Defendant in hourly positions who had a deduction made from their payroll check for gaming licenses during a workweek which reduced their earnings below the required federal minimum wage, at any time from three (3) years prior to the filing of the initial Class and Collective Action Complaint to the present.

55.  Plaintiff's FLSA claims (Counts I-III) may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

56.  Plaintiff, individually and on behalf of all others similarly situated, seeks relief on a collective basis challenging Defendant's above-described FLSA violations. The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from Defendant's records, and potential opt-in plaintiffs may easily and quickly be notified of the pendency of this action.

57.  Plaintiff brings Count IV, the MMWL claim arising out of Defendant's unlawful time-clock rounding policy, as a class action under Fed. R. Civ. P. 23, on behalf of herself and the following class:

a.  **MMWL Time-Clock Rounding Policy Class:** All persons currently and formerly employed by Defendant in hourly positions who worked at any time from two (2) years prior to the filing of the initial Class and Collective Action Complaint to the present within the State of Missouri.

58.  Plaintiff brings Count V, the MMWL claim arising out of Defendant's unlawful tip credit notification policy, as a class action under Fed. R. Civ. P. 23, on behalf of herself and the following class:

a.    **MMWL Unlawful Tip Credit Class:** All persons currently and formerly employed by Defendant in hourly positions paid a direct hourly wage that is below the applicable state minimum wage rates who worked at any time from two (2) years prior to the filing of the initial Class and Collective Action Complaint to the present within the State of Missouri.

59.    Plaintiff brings Count VI, the MMWL claim arising out of Defendant's gaming license deduction policy, as a class action under Fed. R. Civ. P. 23, on behalf of herself and the following class:

a.    **MMWL Gaming License Deduction Policy Class:** All persons currently or formerly employed by Defendant in hourly positions who had a deduction made from their payroll check for gaming licenses during a workweek which reduced their earnings below the required state minimum wage, at any time from two (2) years prior to the filing of the initial Class and Collective Action Complaint to the present within the State of Missouri.

60.    Plaintiff brings Count VII, the Missouri common law breach of contract claim, as a class action under Fed. R. Civ. P. 23, on behalf of herself and the following class:

a.    **Missouri Common Law Breach of Contract Class:** All persons currently or formerly employed by Defendant in hourly positions at any time from five (5) years prior to the filing of the initial Class and Collective Action Complaint to the present within the State of Missouri.

61.    Plaintiff brings Count VIII, the unjust enrichment/quantum meruit claim, as a class action under Fed. R. Civ. P. 23, on behalf of herself and the following class:

a.   **Missouri Unjust Enrichment / Quantum Meruit Class:** All persons currently and formerly employed by Defendant in hourly positions who worked at any time from five (5) years prior to the filing of the initial Class and Collective Action Complaint to the present within the State of Missouri.

62.   Plaintiff's MMWL claims (Count IV-VI), breach of contract claim (Count VII), and unjust enrichment/quantum meruit claim (Count VIII), described in detail below, satisfy the numerosity, commonality, typicality, adequacy, and superiority requirements of a class action pursuant to Fed. R. Civ. P. 23.

63.   These classes each number in the hundreds of persons.  As a result, joinder of all class members in a single action is impracticable.  Class members may be informed of the pendency of this action through regular mail, e-mail, and/or posting of an approved notice.

64.   There are common questions of fact and law to the classes that predominate over any questions affecting only individual class members.  The questions of law and fact common to the classes arising from Defendant's actions include, without limitation, the following:

a.   Whether Defendant violated the FLSA and MMWL when they failed to pay Plaintiff and class members for all hours worked;

b.   Whether Defendant had policies and practices of failing to compensate Plaintiff and class members for all time worked through the use of a timeclock rounding system;

c.   Whether Defendant failed to pay Plaintiff and class members overtime compensation required under the FLSA and MMWL;

d.   Whether the gaming license fees are primarily for Defendant's benefit and therefore unlawful;

13

e.   Whether Defendant gaming license deductions reduced Plaintiff's and class members' wages below the applicable state or federal minimum wage rate;

f.   Whether Defendant breached its contracts with Plaintiff and class members;

g.   Whether Defendant was unjustly enriched by virtue of its policies and practices with respect to Plaintiff's and class members' pay;

h.   Whether Defendant failed to properly inform its hourly employees being paid sub-minimum wage rates of the requirements for the tip credit; and

i.   Whether Defendant willfully violated the FLSA and MMWL.

65.   The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the state law claims.

66.   Plaintiff's claims are typical of those of the respective classes in that class members have been employed in the same or similar positions as Plaintiff and were subject to the same or similar unlawful practices as Plaintiff.

67.   A class action is the superior method for the fair and efficient adjudication of Plaintiff's claims.  Defendant has acted or refused to act on grounds generally applicable to the classes.  The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of class members to protect their interests.

68.   Plaintiff is an adequate representative because she is a member of each of the classes she seeks to represent, and her interests do not conflict with the interests of the members of those classes.  The interests of the members of the classes will be fairly and adequately protected

by Plaintiff and her undersigned counsel, who are experienced prosecuting complex wage and hour, employment, and class action litigation.

69.    Maintenance of this action as a class action is a fair and efficient method for adjudication of this controversy.  It would be impracticable and undesirable for each member of the classes who suffered harm to bring a separate action.  In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in consistent adjudications, while a single class action can determine, with judicial economy, the rights of all class members.

## ALLEGATIONS APPLICABLE TO ALL FLSA CLAIMS (COUNTS I-III)

70.    At all times material herein, Plaintiff and all others similarly situated have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq*.

71.    The FLSA regulates, among other things, the payment of minimum wage and overtime pay by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.  29 U.S.C. § 206(a); 29 U.S.C. § 207(a)(1).

72.    Defendant is subject to the minimum wage and overtime pay requirements of the FLSA because they are enterprises engaged in interstate commerce and its employees are engaged in commerce.

73.    During all relevant times to this action, Defendant was the "employer" of Plaintiff and all similarly situated employees within the meaning of the FLSA.  29 U.S.C. § 203(d).

74.    During all times relevant to this action, Plaintiff and all similarly situated employees were Defendant's "employees" within the meaning of the FLSA.  29 U.S.C. § 203(e).

75.    Plaintiff and all similarly situated employees are covered, non-exempt employees within the meaning of the FLSA.  Accordingly, Plaintiff and all similarly situated employees must be paid minimum wage in accordance with 29 U.S.C. § 206.

76.    Pursuant to the FLSA, employees are also entitled to be compensated at a rate of not less than one and one-half times the regular rate at which such employees are employed for all work performed in excess of 40 hours in a workweek.  29 U.S.C. § 207(a).

77.    Although the FLSA contains some exceptions (or exemptions) from the minimum wage and overtime requirements, none of those exceptions (or exemptions) applies here.

78.    Plaintiff and all similarly situated employees are victims of uniform compensation policies.

79.    Plaintiff and all similarly situated employees are entitled to damages equal to the mandated minimum wage and overtime premium pay within the three (3) years preceding the filing of the Class and Collective Action Complaint, plus periods of equitable tolling, because Defendant acted willfully and knew, or showed reckless disregard of whether its conduct was prohibited by the FLSA.

80.    Defendant has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid wages as described by Section 16(b) of the FLSA, codified at 29 U.S.C. § 216(b).  Alternatively, should the Court find Defendant acted in good faith or with reasonable grounds in failing to pay minimum wage and overtime compensation, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

81.     As a result of these violations of the FLSA's minimum wage and overtime pay provisions, compensation has been unlawfully withheld by Defendant from Plaintiff and all similarly situated employees.  Accordingly, pursuant to 29 U.S.C. § 216(b), Defendant is liable for the unpaid minimum wages and overtime premium pay along with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

## ALLEGATIONS APPLICABLE TO ALL MMWL CLAIMS (COUNTS IV-VI)

82.     At all times relevant, Plaintiff and the class members have been entitled to the rights, protections, and benefits provided under the Missouri Minimum Wage Law ("MMWL"), R.S.Mo. § 290.500 *et seq.*

83.     The MMWL regulates, among other things, the payment of minimum wage and overtime wages by employers, subject to limited exceptions not applicable herein, and provide or have provided for during part or all of the applicable limitations period for a higher minimum wage than that provided for under federal law.  R.S.Mo. §§ 290.500(3) & (4); R.S.Mo. § 290.505.1.

84.     The MMWL should be construed in accordance with its provisions and those of the FLSA.  Specifically, the Missouri Department of Labor has promulgated regulations providing that except as otherwise provided by Missouri law, the interpretation and enforcement of the MMWL follows the FLSA and its companion regulations.  *See* 8 C.S.R. § 30-4.010(1).

85.     During all times relevant to this action, Defendant was the "employer" of Plaintiff and the class members within the meaning of the MMWL.  R.S.Mo. §§ 290.500(3), (4).

86.     During all times relevant to this action, Plaintiff and the class members were Defendant's "employees" within the meaning of the MMWL.  R.S.Mo. §§ 290.500(3).

87. Plaintiff and the class members are covered, non-exempt employees within the meaning of the MMWL. Accordingly, employees are entitled to be paid at least minimum wage for all hours worked in each workweek. R.S.Mo. § 290.502.1.

88. Pursuant to the MMWL, employees are also entitled to be compensated at a rate of not less than one and one-half times the regular rate at which such employees are employed for all work performed in excess of 40 hours in a workweek. R.S.Mo. § 290.505.1.

89. Although the MMWL contains some exceptions (or exemptions) from the minimum wage and overtime pay obligations, none of those exceptions (or exemptions) applies here. R.S.Mo. § 290.500(3).

90. Plaintiff and the class members are victims of uniform and employer-based compensation policies.

91. Plaintiff and the Class are entitled to damages equal to all unpaid regular and overtime wages due within two (2) years preceding the filing of this Class and Collective Action Complaint, plus periods of equitable tolling, along with an additional equal amount as liquidated damages, less any amount actually paid to the employees by Defendant. R.S.Mo. § 290.527.

92. Plaintiff and the Class are also entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

93. Defendant are also liable to Plaintiff and the Class for costs and reasonable attorney fees incurred in this action. R.S.Mo. § 290.527.

## COUNT I - FLSA (Unpaid Overtime & Minimum Wages)

### Arising Out of Defendant's Unlawful Time-Clock Rounding Policy

### (Brought Against Defendant by Plaintiff Individually and on Behalf of All Others Similarly Situated)

94. Plaintiff re-alleges the allegations set forth above.

95.     Defendant violated the FLSA by failing to pay Plaintiff and all other similarly situated employees for all compensable hours worked at the legal and applicable wage rates for all hours worked in a workweek.

96.     Specifically, as discussed above, Defendant utilize an unlawful time-clock rounding policy that, when combined with its attendance and/or disciplinary policies, forces employees to work off-the-clock without being paid at the legal and applicable wage rates for both straight and overtime hours.

97.     Defendant's practice was to unlawfully and willfully fail to properly pay its hourly employees for all hours worked.

98.     WHEREFORE, on Count I of this Class and Collective Action Complaint, Plaintiff and all similarly situated employees demand judgment against Defendant and pray this Court:

a.     Issue notice to all similarly situated employees of Defendant informing them of their right to file consents to join the FLSA portion of this action;

b.     Award Plaintiff and all similarly situated employees damages for unpaid minimum wages and unpaid overtime wages under 29 U.S.C. § 216(b);

c.     Award Plaintiff and all similarly situated employees liquidated damages under 29 U.S.C. § 216(b);

d.     Award Plaintiff and all similarly situated employees pre-judgment and post-judgment interest as provided by law;

e.     Award Plaintiff and all similarly situated employees attorneys' fees and costs under 29 U.S.C. § 216(b);

f.     Award Plaintiff and all similarly situated employees such other relief as the Court deems fair and equitable.

## COUNT II - FLSA (Unpaid Minimum Wages)

**Arising Out of Defendant's Tip Credit Notification Policy**

**(Brought Against Defendant by Plaintiff Individually and
on Behalf of All Others Similarly Situated)**

99.     Plaintiff re-alleges the allegations set forth above.

100.     Defendant violated the FLSA by failing to pay Plaintiff and all others similarly situated minimum wages for all hours worked in a workweek.

101.     Specifically, Defendant paid Plaintiff and others similarly situated below the federal minimum wage rate without complying with the "tip credit" rules required for an employer to pay less than the federal minimum wage.

102.     In particular, Plaintiff and other similarly situated tipped employees were not informed, in advance of Defendant's use of the tip credit, of: (1) the additional amount by which the wages of the tipped employee are increased on account of the tip credit claimed by Defendant, which amount may not exceed the value of the tips actually received the employee; (2) that all tips received by the tipped employee must be retained by the employee except for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips; and (3) that the tip credit shall not apply to any employee who has not been informed of these requirements in this section.

103.     Defendant failed to comply with the notification requirements set forth within the express language of the FLSA and supporting federal regulations.  29 U.S.C. § 203(m)(2); 29 C.F.R. § 531.59(b).

104.     As Defendant has failed to properly inform Plaintiff and other similarly situated tipped employees of the required tip credit provisions and are not entitled to claim a tip credit,

Defendant has willfully violated state and/or federal law by failing and refusing to pay all minimum wages due and owing to Plaintiff and all other similarly situated employees.

105.    Defendant's practice was to unlawfully and willfully fail to comply with the requirements for its entitlement to a tip credit and therefore, Plaintiff and the similarly situated tipped employees were not properly paid minimum wages pursuant to the FLSA.

106.    WHEREFORE, on Count II of this Class and Collective Action Complaint, Plaintiff and all similarly situated employees demand judgment against Defendant and pray this Court:

a.      Issue notice to all similarly situated employees of Defendant informing them of their right to file consents to join the FLSA portion of this action;

b.      Award Plaintiff and all similarly situated employees damages for unpaid minimum wages under 29 U.S.C. § 216(b);

c.      Award Plaintiff and all similarly situated employees liquidated damages under 29 U.S.C. § 216(b);

d.      Award Plaintiff and all similarly situated employees pre-judgment and post-judgment interest as provided by law;

e.      Award Plaintiff and all similarly situated employees attorneys' fees and costs under 29 U.S.C. § 216(b);

f.      Award Plaintiff and all similarly situated employees such other relief as the Court deems fair and equitable.

### COUNT III - FLSA (Unpaid Overtime & Minimum Wages)

**Arising Out of Defendant's Gaming License Fee Deduction Policy**

**(Brought Against Defendant by Plaintiff Individually and
on Behalf of All Others Similarly Situated)**

107.    Plaintiff re-alleges the allegations set forth above.

108.    Defendant violated the FLSA by making deductions from the wages of Plaintiff and other similarly situated employees for gaming license fees, which reduced their wages below the federally required minimum wage and caused them to be underpaid overtime wages.  These deductions were primarily for the benefit of Defendant and, therefore, cannot constitute a credit toward Defendant's obligation to pay Plaintiff and other similarly situated employees minimum wage.  As a result, Plaintiff and all similarly situated employees were paid below the federal minimum wage during the workweeks in which these deductions were made.

109.    Defendant's practice was unlawful and a willful failure to comply with the requirements the FLSA.

110.    WHEREFORE, on Count III of this Class and Collective Action Complaint, Plaintiff and all similarly situated employees demand judgment against Defendant and pray this Court:

a.    Issue notice to all similarly situated employees of Defendant informing them of their right to file consents to join the FLSA portion of this action;

b.    Award Plaintiff and all similarly situated employees damages for unpaid minimum wages and unpaid overtime wages under 29 U.S.C. § 216(b);

c.    Award Plaintiff and all similarly situated employees liquidated damages under 29 U.S.C. § 216(b);

d.    Award Plaintiff and all similarly situated employees pre-judgment and post-judgment interest as provided by law;

e.    Award Plaintiff and all similarly situated employees attorneys' fees and costs under 29 U.S.C. § 216(b); and

f.     Award Plaintiff and all similarly situated employees such other relief as the

Court deems fair and equitable.

## COUNT IV – MMWL (Unpaid Overtime & Minimum Wages)

### Arising Out of Defendant's Unlawful Time-Clock Rounding Policy

**(Brought Against Defendant by Plaintiff Individually
and on Behalf of All Others Similarly Situated)**

111.    Plaintiff re-alleges the allegations as set forth above.

112.    Defendant violated the MMWL by failing to pay Plaintiff and all other similarly

situated employees for all compensable hours worked at the legal and applicable wage rates for all

hours worked in a workweek.

113.    Specifically, as discussed above, Defendant utilize an unlawful time-clock

rounding policy that, when combined with its attendance and/or disciplinary policies, forces

employees to work off-the-clock without being paid at the legal and applicable wage rates for both

straight and overtime hours.

114.    Defendant's practice was to unlawfully and willfully fail to properly pay its hourly

employees for all hours worked.  These policies resulted in Defendant failing to pay Plaintiff and

all other similarly situated employees all earned overtime wages.  In addition, these policies

resulted in Defendant failing to pay Plaintiff and all other similarly situated employees minimum

wages for all hours worked.

115.    WHEREFORE, on Count IV of this Class and Collective Action Complaint,

Plaintiff and the class members demand judgment against Defendant and pray this Court:

a.     Certify the state law claim set forth in Count IV above as a class action

pursuant to Fed. R. Civ. P. 23;

b.   Award Plaintiff and the Class damages for unpaid minimum wages and unpaid overtime wages under R.S.Mo. § 290.527;

c.   Award Plaintiff and the Class liquidated damages under R.S.Mo. § 290.527;

d.   Award Plaintiff and the Class pre-judgment and post-judgment interest as provided by law;

e.   Award Plaintiff and the Class attorneys' fees and costs as allowed by R.S.Mo. § 290.527; and

f.   Award Plaintiff and the Class such other relief as the Court deems fair and equitable.

### COUNT V – MMWL (Unpaid Minimum Wages)

**Arising Out of Defendant's Tip Credit Notification Policy**

**(Brought Against Defendant by Plaintiff Individually
and on Behalf of All Others Similarly Situated)**

116.   Plaintiff re-alleges the allegations as set forth above.

117.   Defendant violated the MMWL by failing to pay Plaintiff and all others similarly situated minimum wages for all hours worked in a workweek.

118.   Specifically, Defendant paid Plaintiff and all others similarly situated below the state minimum wage rate without complying with the "tip credit" rules required for an employer to pay less than the state minimum wage.

119.   In particular, Plaintiff and other similarly situated tipped employees were not informed, in advance of Defendant's use of the tip credit, of: (1) the amount of the cash wage that is to be paid to the tipped employee by the employer; (2) the additional amount by which the wages of the tipped employee are increased on account of the tip credit claimed by Defendant, which amount may not exceed the value of the tips actually received the employee; (3) that all tips

received by the tipped employee must be retained by the employee except for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips; and/or (4) that the tip credit shall not apply to any employee who has not been informed of these requirements in this section.

120.    Defendant failed to comply with the notification requirements set forth within the express language of the FLSA and supporting federal regulations, which are controlling within the context of the MMWL.  29 U.S.C. § 203(m)(2); 29 C.F.R. § 531.59(b); 8 C.S.R. § 30-4.010.

121.    As Defendant has failed to properly inform Plaintiff and other similarly situated tipped employees of the required tip credit provisions, Defendant has willfully violated state law by failing and refusing to pay all minimum wages due and owing to Plaintiff and all other similarly situated employees.

122.    Defendant's practice was to unlawfully and willfully fail to comply with the requirements for its entitlement to a tip credit and therefore, Plaintiff and the similarly situated tipped employees were not properly paid minimum wages pursuant to the MMWL.

123.    WHEREFORE, on Count V of this Class and Collective Action Complaint, Plaintiff and the class members demand judgment against Defendant and pray this Court:

    a.    Certify the state law claim set forth in Count V above as a class action pursuant to Fed. R. Civ. P. 23;

    b.    Award Plaintiff and the Class damages for unpaid minimum wages and unpaid overtime wages under R.S.Mo. § 290.527;

    c.    Award Plaintiff and the Class liquidated damages under R.S.Mo. § 290.527;

    d.    Award Plaintiff and the Class pre-judgment and post-judgment interest as provided by law;

e.     Award Plaintiff and the Class attorneys' fees and costs as allowed by R.S.Mo. § 290.527; and

f.     Award Plaintiff and the Class such other relief as the Court deems fair and equitable.

**<u>COUNT VI – MMWL (Unpaid Overtime & Minimum Wages)</u>**

**Arising Out of Defendant's Gaming License Fee Deduction Policy**

**(Brought Against Defendant by Plaintiff Individually
and on Behalf of All Others Similarly Situated)**

124.    Plaintiff re-alleges the allegations as set forth above.

125.    Defendant violated the MMWL by making deductions from the wages of Plaintiff and other similarly situated employees for gaming license fees, which reduced their wages below the state required minimum wage and caused them to be underpaid overtime wages. These deductions were primarily for the benefit of Defendant and, therefore, cannot constitute a credit toward Defendant's obligation to pay Plaintiff and other similarly situated employees minimum wage.  As a result, Plaintiff and all similarly situated employees were paid below the state minimum wage during the workweeks in which these deductions were made.

126.    Defendant's practice was unlawful and a willful failure to comply with the requirements the MMWL.

127.    WHEREFORE, on Count VI of this Class and Collective Action Complaint, Plaintiff and the Class demand judgment against Defendant and pray this Court:

a.     Certify the state law claim set forth in Count VI above as a class action pursuant to Fed. R. Civ. P. 23;

b.     Award Plaintiff and the Class damages for unpaid minimum wages and unpaid overtime wages under R.S.Mo. § 290.527;

26

c.      Award Plaintiff and the Class liquidated damages under R.S.Mo. § 290.527;

d.      Award Plaintiff and the Class pre-judgment and post-judgment interest as provided by law; and

e.      Award Plaintiff and the Class' counsel attorneys' fees and costs as allowed by R.S.Mo. § 290.527; and

f.      Award Plaintiff and the Class such other relief as the Court deems fair and equitable.

## COUNT VII

**Unjust Enrichment / Quantum Meruit Under Missouri Common Law**

**(Brought Against Defendant by Plaintiff Individually and
on Behalf of All Others Similarly Situated)**

128.    Plaintiff re-alleges the allegations set forth above.

129.    Defendant benefited from the unpaid work performed by Plaintiff and the Class prior to the start of their shifts and after their shifts.  Additionally, Defendant benefited by failing to pay its employees at the legal and applicable wage rates set by state and/or federal law, thereby failing to pay all minimum wages and overtime wages in compliance with the law.

130.    Defendant was aware or should have been aware that they were receiving the benefit of this unpaid work at the time the work was being performed and accepted and retained that benefit without paying fair compensation for the same.

131.    Defendant's acceptance and retention of the benefit of Plaintiff and the Class's unpaid labor was inequitable and resulted in Defendant being unjustly enriched.

132.    WHEREFORE, on Count VII of this Class and Collective Action Complaint, Plaintiff and the class members demand judgment against Defendant and pray this Court:

a.    Certify the state law claim set forth in Count VII above as a class action pursuant to Fed. R. Civ. P. 23;

b.    Order Defendant to disgorge the value of its ill-gained benefits to Plaintiff and the Class;

c.    Award Plaintiff and the Class pre-judgment and post-judgment interest as provided by law; and

d.    Award Plaintiff and the Class such other relief as the Court deems fair and equitable.

## COUNT VIII

**Breach of Contract Under Missouri Common Law**

**(Brought Against Defendant by Plaintiff Individually and on Behalf of All Others Similarly Situated)**

133.    Plaintiff re-alleges the allegations set forth above.

134.    Defendant entered into a contract with Plaintiff and all similarly situated employees through which it agreed that employees would get paid an agreed-upon hourly rate for every hour worked during their employment.

135.    Defendant breached this contract by failing to pay Plaintiff and all others similarly situated their agreed-upon hourly rate for every hour worked during their employment.

136.    Specifically, Defendant reduced the amount of time worked by employees due to its rounding policy and Defendant made deductions from wages for gaming license fees; all of which is not permitted by the contract.

137.    Because of Defendant's breach, Plaintiff and the Class have been damaged.

138.    WHEREFORE, on Count VIII of this Class and Collective Action Complaint, Plaintiff and the Class demand judgment against Defendant and pray this Court:

a.    Certify the state law claim set forth in Count VIII above as a class action pursuant to Fed. R. Civ. P. 23;

b.    Order Defendant to pay Plaintiff and the Class for the improperly withheld wages in violation of its contract;

c.    Award Plaintiff and the Class pre-judgment and post-judgment interest as provided by law; and

d.    Award Plaintiff and the Class such other relief as the Court deems fair and equitable.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby requests a trial by jury of all issues so triable.

Dated:  April 8, 2019                    Respectfully submitted,

                                         McCLELLAND LAW FIRM
                                         *A Professional Corporation*

                                         By:    /s/ Ryan L. McClelland
                                                Ryan L. McClelland, MO Bar #59343
                                                The Flagship Building
                                                200 Westwoods Drive
                                                Liberty, Missouri   64068-1170
                                                Telephone:    (816) 781-0002
                                                Facsimile:    (816) 781-1984
                                                ryan@mcclellandlawfirm.com

                                                ATTORNEY FOR PLAINTIFF